UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR-1-01-058 |
| | : | |
| | : | |
| v. | : | PLEA AGREEMENT |
| | : | |
| | : | |
| JOHN F. YEAGER | : | J. Dlott |

- - - - - - - - - - - - -

It is hereby agreed between **John F. Yeager,** individually and through his attorney, Martin S. Pinales, and the United States, by counsel as follows:

1. **John F. Yeager** will enter a plea of guilty to Counts 12, and 13 of the Indictment returned September 5, 2001 charging him with sharing in the proceeds of loans he approved as an employee of Star Bank in violation of 18 U.S.C. § 1005. Each count carries a maximum penalty of up to 30 years imprisonment, a fine of $250,000, and a three year term of supervised release;

2. By pleading guilty, the defendant knowingly and voluntarily:

    a. stipulates to and admits the truth and accuracy in every respect of the Statement of Facts attached to this Plea Agreement and incorporated by reference herein. The defendant agrees that had the matter proceeded to trial, the United States would have proved each fact in the Statement of Facts beyond a reasonable doubt;

    b. stipulates and admits that had this matter proceeded to trial the United States would have proved each element of any crime to which the defendant pleads guilty beyond a reasonable doubt;

    c. waives any right the defendant may have to have any factor that could affect the defendant's sentence alleged in the indictment or information which contains any count to which the defendant pleads guilty;

    d. waives a jury trial and any constitutional and other rights related to a jury trial, including, but not limited to, any constitutional and other rights he may have to a

jury determination of guilt and to a jury determination of any fact affecting the defendant's sentence;

e.  understands that the judge may utilize the Sentencing Guidelines as advice in determining a reasonable and appropriate sentence, along with the other factors enumerated in 18 U.S.C. § 3553(a); and

f.  waives all challenges to the constitutionality of the Sentencing Guidelines in whole or in part.

3.  The defendant understands that the government will recommend to the court; that the base offense level for purposes of the federal sentencing guidelines is limited by the statement of facts to level 7 (6 plus 1 for the amount of loss greater than $2,000 but less than $5,000) based upon the operation of Section 2F1.1 of the 1995 Sentencing Guidelines.  In addition, the government will recommend, and the defendant will not object to an increase in two levels for abuse of a position of trust.  The government will recommend that the defendant be given a 2 point adjustment for acceptance of responsibility. Thus the total recommended adjusted offense level would become 7.

4.  The defendant understands that the Probation Department will conduct a pre-sentence investigation.  The defendant understands that the Probation Department's recommendations are not binding on the Court and the terms of this Plea Agreement are not binding upon the Court or Probation Department. The defendant understands that if the court does not follow the recommendations contained in this plea agreement he does not have the right to withdraw his plea of guilty. If this Plea Agreement or the defendant's conviction upon his guilty plea is voided for any reason, the defendant waives any statute of limitations with respect to the United States prosecuting him for any offense arising from his conduct in this case.

5.  The defendant understands that there is no agreement concerning his ultimate sentence.  The defendant could receive the maximum penalty provided by law.

6.  The defendant agrees to pay the $200.00 special assessment to the Clerk of the United States District Court no later than the date set by the Court for the final pre-sentence report and provide proof of payment to the U.S. Attorney's Office on the date of payment.

7.  This is the entire plea agreement.  There are no other

provisions or understandings.

DATE: 1/20/05

_____
JOHN F. YEAGER
Defendant

DATE: 1/20/05

_____
MARTIN S. PINALES
Attorney for Defendant


GREGORY G. LOCKHART
United States Attorney

DATE: 1/20/05

_____
WILLIAM E. HUNT
First Assistant U.S. Attorney